STATE, PLAINTIFF, *v.* FROST, DEFENDANT.

Area 1, County Court, Oxford, Ohio.

No. 1204.   Decided November 6, 1961.

*Mr. Wm. E. Rathman* and *Mr. Robert L. Marrs,* for the state.
*Mr. Hugh D. Holbrock,* for the defendant.

IMFELD, JR., J. This matter is before the Court on the motion of the defendant to dismiss the charges against him for the reason that no notification was sent to the owner of the vehicle, to the Public Utilities Commission or to the superintendent of the highway patrol as outlined in Section 5577.14, Revised Code.

The facts are not in dispute—the defendant was operating a truck with an overload of 4020 pounds. The certificate of public convenience under which the truck was being operated was owned by Eugene Stempfley, DBA Overpeck Trucking Co. The axle load, as checked by State Highway Department scales was in excess of that permitted to the type vehicle under the statute (Section 5577.04, Revised Code). The officer issued a citation to the defendant to appear before the Court on the 11th day of September, 1961. Defendant, after several re-

quested and granted continuances did appear at the appointed time. There was no warrant issued for the arrest of the defendant. He came into court voluntarily upon the invitation on the citation. He was not detained nor required to post bond for his appearance.

The state offered evidence to establish its case and rested. The defendant offered no testimony other than that the defendant was working for William Andrews under lease from Eugene Stempfley. Each of these witnesses testified that he had received no notice of arrest as required by Section 5577.14, Revised Code.

The defense argues that by reason of the fact that no notice was given under the statute the prosecution for the offense is illegal. They further argue that all the statutes in chapter 5577, Revised Code, are in *pari-materia* and must be construed together.

With this argument we have no dispute but with the results it attempts to achieve we find ourselves in disagreement.

Let us examine Section 5577.14, Revised Code, closely in order to determine its meaning as regards the question at issue.

The statute states

"Whenever the driver . . . . . of any truck . . . . . *has been arrested* . . . . . etc."

The Court feels that the issue attempted to be interjected into this case is eliminated by this quotation which is essential to the application of the statute.

Before any of the provisions become applicable the driver must have been arrested.

How is a person arrested? How is an arrest defined?

An arrest is the taking, seizing or detaining of the person of another, either by touching or putting hands on him, or by an act which indicates the intention to take him into custody and subjects the person arrested to the actual control and will of the person making the arrest (5 Ohio Jurisprudence (2d), 18).

An examination of the undisputed facts in this case discloses that a citation was issued at the scene. The defendant was not seized, taken or detained and in no manner was he deprived of his liberty or taken into custody by the officer either

actually or constructively. The Citation issued under authority of Section 2935.10, Revised Code, is an invitation to appear, not an arrest and its issuance is not tantamount to an arrest.

We feel that Section 5577.14, Revised Code, therefore has no application to the case at bar and the motion of the defendant will be overruled.

Coming now to consider the evidence as to the offense as related to the guilt or innocence of the accused, the Court finds that there is sufficient evidence to find the defendant guilty beyond any reasonable doubt, and he is found guilty. The excess weight amounted to 4020 pounds and under Section 5577.99, Revised Code, the Court assesses a fine of forty-five ($45.00) dollars and costs.